# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK STEVEN NORVELL, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 14-1691<br>) Hon. Nora Barry Fischer<br>) |
| JUDGE RANDAL B. TODD,<br>Allegheny County Court, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 18th day of December, 2014, upon consideration of Plaintiff Mark Steven Norvell's *Pro Se* Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of *Pro Se* Plaintiff Mark Steven Norvell ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B).

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In his Complaint, Plaintiff alleges violations of "rule 600 of Allegheny County" and "3rd amended federal constitution." (Docket No. 1-1 at p. 1). Based on the remainder of the complaint,

1

the Court construes Plaintiff's claim as being brought pursuant to 42 U.S.C. § 1983, as a violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure through invocation the Speedy Trial Clause of the Sixth Amendment to the United States Constitution. Of note, Plaintiff claims that he was arrested and served twenty months' incarceration before he was tried before the Hon. Randal B. Todd in the Court of Common Pleas of Allegheny County. (*Id.*). On review of Plaintiff's criminal state court records, it appears that Plaintiff's court-appointed counsel filed several motions on Plaintiff's behalf during the pendency of the case against him. *Commonwealth v. Gibson*, CP-02-CR-0002671-2013 (Ct. of C.P. of Allegheny Cnty.). On April 30, 2014, Plaintiff filed a *pro se* Motion to Dismiss Pursuant to Rule 600. *Id.* This was presumably denied, since, on October 6, 2014, Plaintiff pled guilty to the charge against him. *Id.* (*See also* Docket No. 1-1 at p. 1).

The only defendant in this action is Judge Todd. (Docket No. 1-2). Any claim arising from even the most liberal reading of Plaintiff's complaint stems directly from Judge Todd's official duties as a Judge of the Court of Common Pleas of Allegheny County. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2005) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Because Plaintiff "has not set forth any facts that would show that Judge [Todd's] actions were taken in clear absence of his jurisdiction," Judge Todd is entitled to judicial immunity and this case must be dismissed. *Azubuko*, 443 F.3d at 303; *see also Scott v. Miller*, 382 Fed.Appx. 123 (3d Cir. 2010) (per curiam).

Further:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis in original) (footnote omitted) (internal citation omitted). Although Plaintiff maintains that he is not guilty of the underlying state criminal act, he pled guilty to same and has proffered no evidence that his conviction has been subject to question in any of the manners delineated in *Heck*. Accordingly, Plaintiff's claim is not cognizable and must be dismissed.

For these reasons, Plaintiff's Complaint is DISMISSED, without prejudice. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:  Mark Steven Norvell, *pro se*
Wood Street Commons
301 Third Avenue
Pittsburgh, PA 15222
(regular and certified mail)